UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDAN McKOWN, a single individual,

Plaintiff,

v.

SIMON PROPERTY GROUP, INC. d/b/a TACOMA MALL, a Delaware corporation; IPC INTERNATIONAL CORPORATION, an Illinois corporation,

Defendants.

CASE NO. C08-5754BHS

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

This matter comes before the Court on Plaintiff's Motion for Leave to Amend (Dkt. 27). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 12, 2008, Plaintiff filed a complaint against Defendants Simon Property Group, Inc. and IPC International Corporation in Pierce County Superior Court. On November 17, 2008, Defendants filed a Notice of Removal. Dkt. 1.

On January 1, 2009, Plaintiff filed an amended complaint, seeking to add Dominick Sergio Maldonado as a defendant because Plaintiff was shot by Mr. Maldonado multiple times on Defendant's premises. Dkt. 9.

ORDER - 1

On February 3, 2009, Plaintiff filed a motion for remand for lack of complete diversity based on the addition of Mr. Maldonado as a defendant. Dkt. 14. Defendants Simon Property Group and IPC filed a response in opposition to Plaintiff's motion. Dkt. 21. Simon Property Group and IPC maintain that Plaintiff's amended complaint is invalid because he failed to first seek leave of the Court as required by 28 U.S.C. § 1447(e). In his reply, Plaintiff stated that he has voluntarily stricken the amended complaint and "filed a cross-motion for leave of court to amend his complaint to add Maldonado as a defendant." Dkt. 24 at 1.

On February 5, 2009, Simon Property Group and IPC moved to strike Plaintiff's amended complaint. Dkt. 19. On March 9, 2009, the Court denied Plaintiff's motion for remand and granted Defendant's motion to strike Plaintiff's amended complaint. Dkt. 26.

On March 24, 2009, Plaintiff filed a motion to amend his complaint. Dkt. 27. On April 7, 2009, Defendant responded. Dkt. 30. On March 10, 2007, Plaintiff replied. Dkt. 31.

## II. DISCUSSION

Once removal has occurred, a district court has discretion in determining the propriety of post-removal amendments to a complaint. *Newcombe v. Adolf Coors Company*, 157 F.3d 686, 691 (9th Cir. 1998). 28 U.S.C. § 1447(e) provides that

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

"The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe*, 157 F.3d at 691. In exercising its discretion, the Court should consider:

> (1) whether the would-be-defendants are necessary for just adjudication of the controversy, (2) whether the plaintiff still could bring an action in state court against the putative defendants, (3) whether there has been any unexplained delay in joinder, (4) whether it appears the plaintiff is seeking to destroy jurisdiction, (5) the apparent merit of the claims against the new parties, and (6) whether the plaintiff would suffer prejudice without the joinder of the defendants.

ORDER - 2

*See, e.g., Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006).

In this case, the Court finds that the post-removal joinder of Mr. Maldonado should be denied. First, Plaintiff has failed to show that Mr. Maldonado is necessary for just adjudication or that he cannot obtain complete relief without Mr. Maldonado's joinder.

Second, Plaintiff has failed to show that he can still bring claims against Mr. Maldonado in state court. Plaintiff argues that the statute of limitations is an affirmative defense and that it is uncertain whether Mr. Maldonado would assert this defense. Dkt. 31 at 4. The question the Court should consider, however, is the propriety of the Plaintiff's claims and not the possibility that a defendant will waive an affirmative defense.

Third, Plaintiff has failed to explain his delay in joining Mr. Maldonado. The triggering event for this civil action is when Mr. Maldonado shot Plaintiff. *See* Dkt. 1 at 6, ¶ 2.4. Yet, Plaintiff originally brought suit against only the owner of the premises where the event occurred. *Id*. Plaintiff argues that "[t]he delay [in not joining the shooter] is explained by the global delay in bringing any cause of action." Dkt. 27 at 5. This argument lacks credibility because Plaintiff has failed to explain why his "litigation strategy" did not start with the person who shot him multiple times.

Fourth, Plaintiff has failed to show that his sole motive is not to defeat jurisdiction. The procedural posture in which Plaintiff brought this motion suggests that his sole purpose is to defeat federal jurisdiction. *See* Procedural History, *supra.*

Fifth, Plaintiff has failed to show that the claims he proposes to assert against Mr. Maldonado are valid. Plaintiff claims that he will bring claims of intentional torts and negligence against Mr. Maldonado. Dkt. 27 at 7. Defendants argue that either claims would be barred by the statutes of limitations. Dkt. 30 at 3-5. While the Court is not directly presented with this question, it appears that Defendants' assertion is valid.

Finally, Plaintiff argues that without the joinder of Mr. Maldonado he will suffer from an "empty chair" defendant at trial and will lose the opportunity to collect from Mr. Maldonado. Dkt. 27 at 7. If Plaintiff did suffer prejudice from an "empty chair," it is only because of his global "litigation strategy." Moreover, Plaintiff may file a state court action against Mr. Maldonado.

Therefore, the Court denies Plaintiff's motion to amend his complaint because Plaintiff has failed to show that the joinder of Mr. Maldonado is either necessary or warranted.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt. 27) is **DENIED**.

DATED this 24th day of April, 2009.

BENJAMIN H. SETTLE
United States District Judge