UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDAN McKOWN,<br><br>        Plaintiff,<br><br>  v.<br><br>SIMON PROPERTY GROUP, INC., d/b/a TACOMA MALL, a Deleware corporation, and IPC INTERNATIONAL CORPORATION, an Illinois corporation,<br><br>        Defendants. | CASE NO. C08-5754BHS<br><br>SHOW CAUSE ORDER |

This matter comes before the Court on Defendants' (collectively "Simon") motion for protective order regarding Plaintiff's ("McKown") deposition notices (Dkt. 53). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby orders the parties to show cause as discussed herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This diversity action arises out of a November 20, 2005, shooting, which occurred at the Tacoma Mall. McKown, the shooting victim, asserts he suffered "serious and permanently disabling injuries." Dkt. 9 at ¶ 4.3. (Amended Complaint). McKown brought this subsequent action against Simon and its agent for security services, IPC. *See, e.g., id.* ¶ 4.4.

ORDER - 1

On June 10, 2010, Simon filed the instant motion to obtain a protective order regarding McKown's Fed. R. Civ. P. 30(b)(6) deposition notices. Dkt. 53. On June 15, 2010, McKown responded in opposition to the motion. Dkt. 54. On June 18, 2010, Simon replied.

## II. DISCUSSION

One central issue in this matter appears to be whether the security measures in place at the Tacoma Mall at the time of the shooting were adequate. *See, e.g.,* Dkt. 9 (Amended Complaint). Relevant to the instant motion for protective order, McKown has requested 30(b)(6) depositions to determine the availability and feasibility of security measures, including those utilized by other malls and retail properties owned by Simon Property Group. *See* Dkt. 53 at 11 (asserting that Simon owns over 300 mall and retail properties around the country). Simon objects to these requests based on two reasons, (1) relevance and (2) the scope of the 30(b)(6) deposition topics. *See* Dkt. 53.

### A.     Relevance of Deposition Subject Matter

Simon contends that the evidence of security measures in this case should be limited to the Tacoma Mall, where the shooting occurred. Simon further contends that to supply Simon with the information requested and prepare its 30(b)(6) witnesses would be overly burdensome given the scope of the information requested. Simon contends that the information requested would amount to a review of over 60,000,000 documents, based on the need to prepare a witness to discuss the security measures at hundreds of properties over a ten-year period. Dkt. 53 at 2-3. In opposition, McKown appears to be attempting to determine whether Simon was aware of better security measures that could have been feasibly employed at the Tacoma mall and may have prevented McKown's injuries. *See generally* Dkt. 54.

The Court concludes that the information sought by McKown is relevant, discoverable, and may be admissible. However, the scope of the request by McKown is

ORDER - 2

overly burdensome given the property holdings of Simon. Therefore, the Court orders the parties to show cause why the following process would not resolve this dispute:

1. Simon identifies all of the properties it holds which are similar in nature and characteristic to the Tacoma mall;

2. McKown selects five of those properties which it believes would provide the best sample given the nature and characteristics of the Tacoma Mall; and

3. Simon produces the requested information on these five properties and the Tacoma Mall and prepares a 30(b)(6) witness accordingly.

The parties shall file simultaneous five-page responses to this show cause order on or before **July 16, 2010**.

**B.     Scope of 30(b)(6) Depositions**

Fed. R. Civ. P. 30(b)(6) provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a . . . corporation . . . and must describe with *reasonable particularity* the matters for examination. The named organization must then designate one or more . . . persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

(Emphasis added). Simon contends that the scope of the deposition notices is inconsistent with the rule on 30(b)(6) depositions. Dkt. 53 at 11. Specifically, Simon argues that McKown's requests improperly broaden the scope of the depositions by use of phrases like "including but not limited to," or by requiring Simon to testify regarding "[t]he feasibility of various security measures used around the country," that Simon may not even know about. *Id*.

Although, the Court is sympathetic to Simon's position, McKown has limited these requests by its own briefing:

> In regards to No. 4, . . . . The outer limit of this notice is all security contracts for Simon Property Group in the United States . . . .

ORDER - 3

> In regards to No. 6, . . . . Plaintiff wishes to discuss various security measures in use in 2005 and the feasibility of implementing these security measures at places such as the Tacoma Mall. The witness need not know the feasibility of every security measure known to man at every single retail location owned by Simon Group. To fully prepare for this topic, the deponent must simply analyze what security measures were in use across the country in 2005 for Simon Group locations similar to Tacoma Mall and their feasibility in establishments such as the Tacoma Mall . . . .

Dkt. 54 at 6. The Court concludes that these requests are properly limited as discussed herein.

To the extent the parties dispute other deposition topics on the basis that they are not reasonably particular, the parties should be able to resolve such issues consistent with this order without resorting to the Court for resolution. The parties are reminded that it is their responsibility to resolve discovery disputes and to turn to the Court only when absolutely necessary.

Therefore, the parties are ordered to include in their responses to this show cause order whether or not they can resolve this issue without the aid of the Court.

### III. ORDER

Therefore, it is hereby **ORDERED** that the parties are to **SHOW CAUSE** as discussed herein.

DATED this 8th day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4