UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDAN McKOWN,<br><br>            Plaintiff,<br><br>   v.<br><br>SIMON PROPERTY GROUP, INC.,<br>d/b/a TACOMA MALL, et al.,<br><br>            Defendants. | CASE NO. C08-5754BHS<br><br>ORDER GRANTING<br>DEFENDANT IPC'S MOTION<br>FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant IPC International Corporation's ("IPC") motion for summary judgment (Dkt. 74). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants IPC's motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 12, 2008, Plaintiff Brendan McKown ("McKown") filed the complaint in this action against Defendants Simon Property Group, Inc., d/b/a Tacoma Mall ("Simon) and IPC. Dkt. 1 at 4-12. On December 17, 2008, Defendants removed the above-captioned case to this Court. Dkt. 1 at 1-3. In his complaint, McKown alleges that Defendants (1) failed to protect tenants and business invitees from foreseeable criminal conduct; (2) negligently rendered security measures and services; (3) negligently performed an undertaken duty; (4) negligently hired and/or failed to employ security personnel; and (5) breached an express and/or implied contract.

ORDER - 1

On October 28, 2010, IPC filed a motion for summary judgment seeking dismissal of all claims based on IPC's assertion that it did not owe a duty of care to McKown and that McKown does not have a right to sue under IPC's contract with Simon. Dkt. 74. On November 15, 2010, McKown responded (Dkt. 78) and on November 19, 2010, IPC replied (Dkt. 79).

## II. FACTUAL BACKGROUND

Although IPC "takes issue with plaintiff's rendition of the facts . . . there is no factual dispute relevant to the present motion." Dkt. 79 at 1. Accordingly, for purposes of deciding IPC's motion for summary judgment only, the Court will assume the facts are as restated by McKown in his response to IPC's motion (Dkt. 74 at 2-6).

## III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

ORDER - 2

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.    IPC's Motion for Summary Judgment**

"Under traditional tort law, absent affirmative conduct or a special relationship, no legal duty to come to the aid of a stranger exists." *Folsom v. Burger King*, 135 Wn.2d 658, 674 (1998) (citing W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 56 (5th ed. 1984)).  In addition, "[t]he general rule at common law is that a private person does not have a duty to protect others from the criminal acts of third parties." *Hutchins v. 1001 Fourth Ave. Associates*, 116 Wn.2d 217, 223 (1991).  However, a duty to protect another from harm may arise if a special relationship exists between the defendant and either the third party or the foreseeable victim of the third party's conduct.  *Id*. at 227 (quoting *Petersen v. State*, 100 Wn.2d 421, 426 (1983)).  "These special relationships typically arise when one party is entrusted with the well-being of the other party." *Folsom*, 135 Wn.2d at 675; *see* Restatement (Second) of Torts §§ 314A and 314B (1965) (identifying five relationships that give rise to an affirmative duty to act: (1) common carrier to passengers; (2) innkeeper to guests; (3) possessor of land open to public to visitors; (4) individuals voluntarily controlling another such that opportunities

ORDER - 3

for protection are removed; and (5) employers to employees acting within the scope of employment).

IPC seeks summary judgment and dismissal of all claims against it asserting that it had no special relationship with McKown and thus no duty to protect him from the criminal acts of third persons. Dkt. 74 at 5-9. In addition, IPC maintains that it had no duty to protect McKown based on its contract with Simon. *Id*. at 9-11. McKown contends that a special relationship existed between him and IPC based on his relationship with Simon as a business invitee and IPC's relationship with Simon as its security contractor. Dkt. 78 at 7-12.

### 1. Special Relationship

McKown contends that IPC had a special relationship with McKown based on IPC's relationship with Simon and therefore owed McKown a duty of care. Dkt. 78 at 7-10. McKown relies on the court's holding in *Folsom* to support this contention. *Id*. In *Folsom*, two employees of Burger King were killed in a robbery during which one of the employees activated an alarm system that was operated by Spokane Security, a company that provided security monitoring. 135 Wn.2d at 661, 673-74. Spokane Security received the signal but did not contact the police because the restaurant had previously ended its contract with the security company. *Id*. at 673-74. The employees' estates sued Spokane Security, among others, and the court granted summary judgment in favor of the security company stating that:

> Plaintiffs allege a "special relationship" existed between Spokane Security and the employees, but fail to explain which exception applies. Spokane Security contracted to provide security monitoring for the Burger King restaurant; however, the contract was terminated by [the owner] months prior to the murders. While the facts indicate the equipment remained in place and was functional, Spokane Security was not contractually obligated to provide security services and plaintiffs have not established there was a legally recognized or established special relationship with the employees. Absent facts to support this theory, plaintiffs' argument fails.

*Id*. at 675.

ORDER - 4

In his response to IPC's motion for summary judgment, McKown quotes some of language from *Folsom* that the Court has quoted herein and states: "In other words, the only reason the security company did not have a special relationship with the restaurant's employees was because its contract with the restaurant had ended ten months before the incident." Dkt. 78 at 8. McKown goes on to conclude that because IPC had an on-going contract with Simon to provide security at the mall, it had a special relationship with McKown, an invitee of Simon, and owed him a duty to provide him with a safe and secure environment and protect him from foreseeable danger. *Id.* at 8-9.

The Court concludes that IPC did not have a special relationship with McKown. McKown asks this Court to find that the court in *Folsom* essentially established that a special relationship exists between a business owner's employees and a company hired to provide security services on the premises of the business. Dkt. 78 at 8-9. McKown's application of the court's holding in *Folsom* is misplaced. The *Folsom* opinion states that "[p]laintiffs allege a 'special relationship' existed between Spokane Security and the employees, but fail to explain which exception applies." 135 Wn.2d at 675. The court goes on to say that "Spokane Security was not contractually obligated to provide security services *and* plaintiffs have not established there was a legally recognized or established special relationship with the employees." *Id.* (emphasis added). The court's language does not indicate that it intended to establish a special relationship between a security company and the employees of the business by which the company was hired. Rather, the court in *Folsom* simply held that in that case no contract existed between Spokane Security and the business and that plaintiffs did not offer any other theory in which they would have a special relationship with the security company. The court did not reach any conclusion as to what duty the security company may have owed the employees if the contract had been valid. Accordingly, under current Washington law, no special relationship has been established between a business owner's invitees and a company hired to provide security services on the premises.

ORDER - 5

1    In support of McKown's argument that IPC owed him a duty of care, he also cites

2 to section 324A of the Restatement (Second) of Torts which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his falure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of realiance of the other or the third person upon the undertaking.

Restatement (Second) Torts § 324A (1965). However, as IPC points out, the Washington courts have not adopted section 324A. *Folsom*, 135 Wn.2d at 676. Thus, the Court concludes that IPC did not owe a duty of care to McKown.

### 2.    IPC's Contractual Obligations

McKown also alleges that IPC owed him a duty of care because IPC, based on its contract with Simon, assumed the duty owed by Simon to its business invitees and employees under Washington tort law. *See* Dkt. 78 at 7-10. IPC contends that it never assumed any duty of care owed to McKown by Simon simply by contracting with Simon to provide security services. Dkt. 79 at 5. Specifically, IPC maintains that

> the mere existence of a security services contract with IPC does not mean that IPC "assumed" the owners' duty. Nowhere does the contract between IPC and [Simon] state that the former was to "assume" any of the duties imposed on the latter by law. To impose those duties on IPC would be to expand its contractual obligations far beyond the scope of what it agreed to do.

*Id*. Moreover, IPC asserts that nothing in its contract with Simon indicates an intent that it assume a direct obligation to any third party and that McKown has no right to sue IPC for any alleged failure to comply with its duties under the contract with Simon. Dkt. 74 at 9-11 & Dkt. 79 at 9-10.

As the Court concluded above, the fact that IPC had a contract with Simon to provide security services does not automatically create a special relationship between Simon's invitees and employees, such as McKown and IPC. *See supra* Section III.B.1.

ORDER - 6

In *Nivens v. 7-11 Hoagy's Corner*, 133 Wn.2d 192, 202–03, the Washington Supreme Court held that an owner or occupier of land owes its business invitees a duty of reasonable care to protect them from reasonably foreseeable criminal conduct by third persons on the premises. McKown argues that, regardless of a duty created by a special relationship, he has the right to sue IPC based on its contract with Simon because IPC assumed the duties owed by Simon to McKown as Simon's invitee. Dkt. 78 at 9-10.

"The creation of a third party beneficiary contract requires that the parties intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter into the contract." *Burke & Thomas, Inc. v. Int'l Org. of Masters*, 92 Wn.2d 762, 767 (1979). In his response to IPC's motion, McKown cites *Lonsdale v. Chesterfield*, 99 Wn.2d 353, 361 (1983), for the proposition that "[i]f the terms of the contract necessarily require the promisor to confer a benefit upon a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person." Dkt. 78 at 9-10 (quoting *Lonsdale*, 99 Wn. 2d at 361). However, in *Lonsdale*, the Washington Supreme Court specifically stated that "[t]he intent which is a prerequisite of the [third-party] beneficiary's right to sue is not a desire or purpose to confer a particular benefit upon him, nor a desire to advance his interests, but an *intent that the promisor shall assume a direct obligation to him*." *Lonsdale*, 99 Wn. 2d at 361 (quoting *Vikingstad v. Baggott*, 46 Wn.2d 494, 496-97 (1955) (emphasis provided by *Lonsdale* opinion) (internal quotation marks omitted).

In support of its argument that IPC assumed Simon's duty to provide a safe and secure environment, McKown relies on the testimony of Richard Erdie, a former employee of IPC who was head of security at the Tacoma Mall at the time of the shooting. Washington courts follow the objective manifestation theory of contracts in which the mutual assent of the parties is determined from their outward manifestations and "the unexpressed, subjective intentions of the parties are irrelevant." *Olson v. The Bon, Inc.*, 144 Wn. App. 627, 633-34. Here, the only outward manifestations of the

contract between IPC and Simon is the written contract.  Moreover,  Mr. Erdie did not participate in the negotiation or the formation of the contract between IPC and Simon. Therefore, Mr. Erdie's testimony regarding his subjective intentions or understanding of his obligations under the contract are irrelevant.  Accordingly, because McKown has failed to present any evidence to show that IPC intended to assume a direct obligation to McKown, or any of Simon's invitees or employees, he has no right to sue IPC under its contract with Simon.

## C. IPC's Objections to Expert Witness Testimony

In its reply to McKown's response to the motion for summary judgment, IPC asks the Court to strike the testimony of McKown's expert witness, William Nesbit, that IPC owed McKown a duty of care (Dkt. 78-2 at 3 ¶ 19) as an inadmissible legal opinion.  Dkt. 79 at 4-5.  The Court will not consider Mr. Nesbit's testimony as to whether IPC owes a duty of care to McKown as this issue is a question of law to be decided by the Court. *Hutchins*, 116 Wn.2d at 220 (stating that "the existence of duty is a question of law").

## D. Conclusion

Because McKown has failed to show that IPC owed him a duty of care or that he is a third-party beneficiary under IPC's contract with Simon, all claims brought against IPC by McKown should be dismissed with prejudice.

## IV. ORDER

Therefore, it is hereby **ORDERED** that IPC's motion for summary judgment (Dkt. 74) is **GRANTED** and that all claims against IPC are **DISMISSED with prejudice**.

DATED this 29th day of December, 2010.

BENJAMIN H. SETTLE
United States District Judge