UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDAN MCKOWN,

        Plaintiff,

  v.

SIMON PROPERTY GROUP, INC.,
d/b/a TACOMA MALL,

        Defendant.

CASE NO. C08-5754BHS

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant Simon Proerty Group, Inc.'s ("Simon") motion for reconsideration. Dkt. 94. The Court has considered the pleadings filed in support of and opposition to the motion and the remainder of the file and hereby grants in part Simon's motion to the extent that the parties may file additional briefs as discussed below for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Brendan McKown ("McKown") filed the instant action in state court on November 12, 2008. Dkt. 1 at 4-12. On November 10, 2010, Simon filed its motion for summary judgment. Dkt. 74. On January 7, 2011, the Court granted in part and denied in part Simon's motion. Dkt. 86. On January 20, 2011, Simon filed its motion for reconsideration of the Court's order. Dkt. 94. On January 27, 2011, the Court requested a response from McKown to Simon's motion for reconsideration. Dkt. 97. On February

ORDER - 1

7, 2011, McKown filed a response to the motion (Dkt. 98) and on February 10, 2011, Simon replied (Dkt. 99).

For a more complete factual and procedural background, see the Court's orders on Defendant IPC International Corporation's ("IPC") and Simon's motions for summary judgment. Dkts. 83 & 86.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

Simon's motion for reconsideration requests that the Court reconsider its order granting in part and denying in part its motion for summary judgment. Dkt. 94. Specifically, Simon requests that the Court reconsider its conclusion that a reasonable jury could find that McKown's injuries were the result of reasonably foreseeable criminal conduct. *Id*. The Court has considered McKown's motion for reconsideration and the remainder of the file and concludes that McKown has shown manifest error in the Court's order on summary judgment regarding the foreseeability of McKown's injuries as discussed below.

**A.     Court's Order on Summary Judgment Regarding Foreseeability**

Foreseeability limits the scope of the duty owed to invitees by the owner or occupier of land. *See Christen*, 113 Wn. 2d at 492. "[T]o establish foreseeability 'the harm sustained must be reasonably perceived as being within the general field of danger covered by the specific duty owed by the defendant.'" *Id*. (quoting *Maltman v. Sauer*, 84 Wn. 2d 975, 981 (1975)). This limitation ensures that there is some end to the legal consequences of a negligent act. *Id*. "Forseeability is normally an issue for the jury, but

it will be decided as a matter of law where reasonable minds cannot differ." *Christen*, 113 Wn. 2d at 492 (citing *Rikstad v. Holmberg*, 76 Wn. 2d 265, 268-69 (1969)).

Washington courts have held that "an intervening act [including one that is criminal in nature,] is not foreseeable if it is 'so highly extraordinary or improbable as to be wholly beyond the range of expectability.'" *Christen*, 113 Wn.2d at 492 (quoting *McLeod v. Grant Cnty. Sch. Dist. 128*, 42 Wn.2d 316, 323 (1953)). The Washington Supreme Court's further explanation of this principle in *Rikstad* is instructive:

> It is not, however, the unusualness of the act that resulted in injury to plaintiff that is the test of foreseeability, but whether the result of the act is within the ambit of the hazards covered by the duty imposed upon defendant.
>
> * * *
>
> The courts are perfectly accurate in declaring that there can be no liability where the harm is unforeseeable, if 'foreseeability' refers to the general type of harm sustained. It is literally true that there is no liability for damage that falls entirely outside the general threat of harm which made the conduct of the actor negligent. The sequence of events, of course, need not be foreseeable. The manner in which the risk culminates in harm may be unusual, improbable and highly unexpected, from the point of view of the actor at the time of his conduct. And yet, if the harm suffered falls within the general danger area, there may be liability, provided other requisites of legal causation are present.

76 Wn. 2d at 269 (quoting Harper, Law of Torts, 14, § 7; 2 Restatement, Torts, 1173, § 435).

Here, Simon concedes, for purposes of its motion for summary judgment, that it owed a duty to McKown, as one of its business invitees, to protect him from reasonably foreseeable criminal conduct. *See* Dkt. 75 at 10, fn. 6; *see also Nivens*, 133 Wn. 2d at 202-03. However, Simon argues that Maldonado's actions in shooting at strangers in the Tacoma Mall were not reasonably foreseeable as a matter of law and therefore Simon had no duty to prevent Maldonado from shooting McKown. Dkt. 75 at 9-14. McKown maintains that a reasonable jury could conclude that Maldonado's actions were reasonably foreseeable because a mall shooting fell within the general field of foreseeable danger. Dkt. 81 at 13-17. Therefore, McKown argues, the issue of foreseeability is a question for the jury and Simon's motion should be denied. *Id*. at 17.

1    The Court concludes that, based on the evidence on record, a reasonable jury could
2 find that McKown's injuries were the result of reasonably foreseeable criminal conduct.
3 Based on the evidence, the Court cannot conclude that Maldonado's shooting of McKown
4 was "so highly extraordinary or improbable as to be wholly beyond the range of
5 expectability" (*see McLeod*, 42 Wn.2d at 323), and therefore cannot conclude that the
6 shooting was unforeseeable as a matter of law.  Whether McKown's injuries were "within
7 the ambit of the hazards covered by the duty imposed upon" Simon will be a question of
8 fact for the jury.  *See Rikstad*, 76 Wn.2d at 269.

**B.     Washington Appellate Case Law on Foreseeability of Criminal Conduct**

As the Court stated in its order on Simon's motion for summary judgment, in *Nivens v. 7-11 Hoagy's Corner*, 133 Wn.2d 192, 202–03, the Washington Supreme Court specifically held that an owner or occupier of land owes its business invitees a duty of reasonable care to protect them from reasonably foreseeable criminal conduct by third persons on the premises. Dkt. 86 at 7.  In denying Simon's motion and concluding that the foreseeability of McKown's injuries resulting from Mr. Maldonado's criminal conduct was a question for the jury, the Court relied on *Nivens*, as well as other Washington Supreme Court negligence cases that did not involve business owners and their invitees. *Id*. at 8-9.  In its motion for reconsideration, Simon argues that the Court erred in not relying on the "prior similar acts on the premises test" set forth in multiple Washington appellate court cases which states that "there is a jury issue as to whether the third party's criminal conduct is 'reasonably foreseeable' only if plaintiff presents competent evidence that very similar criminal conduct has occurred on the premises in the past." Dkt. 94 at 5 (citing *Wilbert v. Metro. Park Dist.*, 90 Wn. App. 304, 308 (1998); *Raider v. Greyhound Lines*, 94 Wn. App. 816, 819-20 (1999); *Fuentes v. Port of Seattle*, 119 Wn. App. 864 (2003); and *Craig v. Washington Trust Bank*, 94 Wn. App. 820 (1999)). Although the Court is not bound by these appellate court cases, the Ninth Circuit has held that "where there is no convincing evidence that the state supreme court would

decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Nelson v. City of Irvine*, 143 F.3d 1196, 1206-07 (9th Cir. 1998).  Although the Washington Supreme Court considered the issue of negligence and third-party criminal conduct in *Nivens*, the Court was not required to reach the issue of foreseeability.  133 Wn.2d 192.  In addition, since *Nivens*, the Supreme Court has not decided a case with facts analogous to those present in the instant action.  Having considered the Washington appellate cases cited by Simon, the lack of convincing evidence that the Washington Supreme Court would decide these issues differently, and the lack of evidence of prior similar acts occurring on the premises presented by McKown in his opposition to Simon's motion for summary judgment, the Court is inclined to vacate its previous order and grant Simon's motion for summary judgment.  However, the Court concludes that McKown should be given an opportunity to present evidence involving prior similar acts occurring at the Tacoma Mall.

### III. ORDER

Therefore, the Court concludes that McKown's motion for reconsideration (Dkt. 88) is **GRANTED** to the extent that the parties may file additional briefing as follows: (1) McKown may file a brief, not to exceed ten pages on or before **April 4, 2011**, in which it may include evidence of relevant prior similar acts and to which Simon may file a reply, not to exceed five pages on or before **April 8, 2011**.

DATED this 22nd day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge