1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

| | |
|---|---|
| BRENDAN MCKOWN,<br><br>          Plaintiff,<br><br>   v.<br><br>SIMON PROPERTY GROUP and IPC<br>INTERNATIONAL CORPORATION,<br><br>       Defendants. | CASE NO. C08-5754BHS<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION TO<br>COMPEL AND FOR AN<br>EXTENSION OF DISCOVERY<br>AND DENYING DEFENDANT'S<br>MOTION FOR A PROTECTIVE<br>ORDER |

13

14

15

16

17

18

19

       This matter comes before the Court on Defendant Simon Property Group, Inc.'s ("Simon") motion for protective order (Dkt. 140) and Plaintiff Brendan McKown's ("McKown") motion to compel and extend discovery (Dkt. 156). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants McKown's motion and denies Simon's motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

20

21

22

       On November 12, 2008, McKown filed a complaint against Simon and IPC International Corporation ("IPC") (collectively "Defendants") in Pierce County Superior

1    Court for the State of Washington.  Dkt. 2.  McKown asserts causes of action against

2    Defendants for premises liability, negligent failure to provide adequate security, negligent

3    performance of duty, negligent hiring and/or failure to provide security personnel, and

4    breach of contract.  *Id*.  On December 17, 2008, Defendants removed the matter to this

5    Court.  Dkt. 1.

6        On June 10, 2010, Simon filed a motion for a protective order regarding Plaintiff's

7    Fed. R. Civ. P. 30(b)(6) deposition notices.  Dkt. 53.  Simon requested that the Court

8    enter a protective order limiting the scope of McKown's deposition notices because

9    McKown had requested that Simon provide a witness to testify about security measures

10   and shooting-related incidents at all of Simon's properties.  *Id*.  Simon asserted that, as

11   one of the largest shopping mall owners in the country, it owned over 300 properties and

12   that preparing for such an expansive deposition would require reviewing over 60,000,000

13   documents.  *Id*.  Simon argued that the Court should limit the scope of the deposition to

14   the Tacoma Mall property.  *Id*.  Instead of ruling on the motion, the Court issued a show

15   cause order setting forth a procedure for McKown to pick five properties similar to the

16   Tacoma Mall and for Simon to produce a witness to testify regarding information

17   relevant to those properties.  Dkt. 56.  The parties responded and indicated that they had

18   worked out an agreement.  Dkts. 57 & 58.  Therefore, the Court denied Simon's motion

19   without prejudice.  Dkt. 60.

20        After the entry of summary judgment, an appeal, and the Washington Supreme

21   Court answering certified questions, the Ninth Circuit remanded the matter for further

22   proceedings.  *See McKown v. Simon Prop. Grp., Inc.*, 182 Wn.2d 752 (2015); Dkt. 114.

ORDER - 2

On November 24, 2015, the Court issued a scheduling order setting a discovery deadline of January 4, 2016.  Dkt. 117.  The Court has twice granted an extension of that deadline, and the current deadline was June 7, 2016.  Dkt. 131.

On December 3, 2015, McKown propounded a fourth set of discovery responses upon Simon.  McKown's attorney also informed Simon's attorney that he believed the scope of discovery should be expanded based on *McKown*.  Dkt. 150-1 at 2.  Specifically, McKown's attorney stated as follows:

> [T]he Court previously limited some of our discovery requests to records regarding six malls. We believe that decision should be re-evaluated in light of the Supreme Court's decision, which plainly held that both defendants must account for their institutional knowledge.

*Id.*  Simon responded to the discovery requests, objected to broadening discovery based on the Court's previous orders, and, without waiving that objection, stated that it had "no additional information to provide."  Dkt. 150-2 at 2.  After receiving this response, McKown did not press the issue of expanding the scope of discovery.

In April of 2016, however, McKown's expert discovered a public document outlining security programs at the Mall of America located outside Minneapolis, Minnesota. Neither of the current disputes is about this particular document or program. Simon contends that it no longer has an interest in the Mall of America and, at best, it appears that the program was implemented in 2008, which is three years after the incident in this case.  The relevancy of the information is that it led McKown's counsel to question the scope of discovery in this case.

1    In May of 2016, McKown's counsel sent a letter to Simon's attorney requesting

2    supplementation of Simon's responses.  Dkt. 150-4.  Receiving no response, McKown's

3    attorney sent a second letter requesting supplementation and requesting eleven

4    depositions in the final three weeks of discovery.  Dkt. 150-5.  On May 12, 2016,

5    Simon's attorney responded asserting that *McKown* changed nothing with regard to the

6    burdens of discovery and declining to supplement discovery beyond the five properties in

7    the parties' earlier agreement.  Dkt. 150-6.

8    On May 19, 2016, Simon filed a motion for a protective order to prevent discovery

9    regarding the Mall of America or depositions of Simon's former employees who worked

10   at the Mall of America.  Dkt. 140.  On May 25, 2016, McKown responded.  Dkt. 149.

11   On May 27, 2016, Simon replied.  Dkt. 154.

12   On May 27, 2016, McKown filed a motion to compel and for a 90-day extension

13   of discovery.  Dkt. 156.  On June 13, 2016, Simon and IPC responded.  Dkts. 159, 160.

14   On June 17, 2016, McKown replied.  Dkt. 165.

15                               **II. DISCUSSION**

16   "Unless otherwise limited by court order, the scope of discovery is as follows:

17   Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

18   party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P.

19   26(b)(1).  "A party or any person from whom discovery is sought may move for a

20   protective order . . . to protect a party or person from annoyance, embarrassment,

21   oppression, or undue burden or expense . . . ."  *Id*. 26(c)(1).  "On notice to other parties

22

1  and all affected persons, a party may move for an order compelling disclosure or

2  discovery."  Fed. R. Civ. P. 37(a)(1).

3        In this case, the major disputes are the scope of discovery and the timing of

4  McKown's motion.  The Court will address each issue.

5  **A.  Scope**

6        In *McKown*, the Washington Supreme Court concluded that "*Restatement*

7  *(Second) of Torts section 344* is generally consistent with Washington law, and that

8  comments d and f generally describe the contours of the duty owed."  *McKown*, 182 Wn.

9  2d at 764.  With regard to comment f, the court provided as follows:

10       [C]omment f, like section 344 itself, contemplates two kinds of situations
      that may give rise to a duty—the first is where the landowner knows or has

11       reason to know of immediate or imminent harm, and the second is where
      the possessor of land knows, or has reason to know, based on the

12       *landowner's past experience*, the *place* of the business, or the *character* of
      the business, there is a likelihood that harmful conduct of third parties will

13       occur on his premises.

14 *Id.* at 768.  Although the parties focused on evidence of prior similar acts of violence at

15 the location in question, the court stated that "proving acts of similar violence is not the

16 only way for a plaintiff to establish a duty as provided in the Restatement and comment

17 sections that we adopted in [*Nivens v. 7–11 Hoagy's Corner*, 133 Wn.2d 192 (1997)]."

18 *Id.* at 770.  Thus, the court implied, but didn't affirmatively state, that evidence regarding

19 the character of a business is relevant to the question of any duty Simon owed to

20 McKown.

21       In this case, the parties dispute the scope of relevant information.  McKown

22 essentially agrees with the Court's assessment of *McKown* and contends that evidence

ORDER - 5

1  regarding the character of the business and landowner's past experience, or "institutional

2  knowledge," is relevant.  Dkt. 149 at 8–9; Dkt. 156 at 9.  IPC does not contest this

3  argument.  Although Simon does contest the holding of *McKown*, its arguments are

4  without merit because it relies on the wrong portion of the opinion and hyperbole.  After

5  the court discussed the issue of duty in general, the court further clarified the law

6  regarding evidence of prior similar acts of violence.  *McKown*, 182 Wn. 2d at 771–74.

7  Simon's reliance on this portion of the opinion is not relevant to evidence of "institutional

8  knowledge."  Dkt. 160 at 1–2.  Moreover, Simon asserts that

> The Supreme Court has not made events which occur in the world at large a
> part of the duty analysis which bears directly upon this case. If it had, every
> event which occurred everywhere in the world would place every
> landowner on notice that even the most extreme third party criminal
> conduct was "foreseeable," thus imposing every American landowner the
> duty to protect their invitees from such conduct.

Dkt. 160 at 8–9.  This is hyperbole for numerous reasons, including the fact that the

Washington Supreme Court does state the law applicable to every American landowner.

Therefore, the Court concludes that, in light of *McKown*, the scope of relevant evidence

has been broadened to include evidence of Simon's past experience, the place of the

business, and the character of the business.

With regard to the prior limitations on discovery, those limitations are no longer

warranted in light of *McKown*.  The Court is not, at this time, ordering Simon to produce

the alleged 60,000,000 relevant documents in its possession.  McKown, however, is

entitled to discover relevant information.  The discovery shall be generally limited in

proportion to the needs of the case and may be specifically limited based on undue

1   hardship or other factors.  If Simon seeks specific limitations, the Court will require

2   actual evidence instead of an attorney's extrapolation on the possible number of relevant

3   documents.  The parties shall meet and confer to discuss production under the broadened

4   scope of discovery.  Therefore, the Court grants McKown's motion to compel to the

5   extent discussed herein.

6   **B.    Timing**

7          Defendants argue that the Court should deny McKown's request for an extension

8   of the discovery deadline because it is untimely.  "A schedule shall not be modified

9   except upon a showing of good cause." Fed. R. Civ. P. 16(b).  Defendants essentially

10  argue that McKown has not shown good cause to extend the discovery deadline because

11  he knew of the dispute in January of 2016 and failed to act at that time.  Contrary to

12  Defendants' position, it is not sufficiently clear that McKown was informed of Simon's

13  position as to the scope of discovery.  For example, with regard to evidence of an active

14  shooter protocol at any Simon property, Simon objected based on the parties' previous

15  agreement to limit relevant information to five specific locations and then stated that,

16  without waiving that objection, it "has no additional information to provide."  Dkt. 150-2

17  at 2.  It is an entirely different matter to say that Simon objects as beyond the scope of the

18  parties' limiting agreement.  Therefore, the Court finds that the dispute was not clearly

19  evident until May.  At that time, McKown timely filed a motion to compel and to extend

20  the deadline.  While it is unfortunate that the case must be delayed yet again, it would be

21  more unfortunate to expend resources on a long jury trial only to have the verdict set

22  aside because the Court prevented discovery on relevant issues.

1    In light of the foregoing, the Court grants McKown's motion for an extension of

2  the discovery deadline.  It appears unrealistic that the parties can meet the remaining

3  deadlines and trial date because of the additional discovery.  Therefore, the parties shall

4  meet and confer and submit a joint status report detailing the additional discovery

5  procedures and a new trial date.  Once the Court receives that report, the Court will strike

6  the current scheduling order.

7  **C.    Protective Order**

8    In light of the new scope of discovery, the Court is unable to determine whether

9  information relating to the Mall of America is relevant.  Therefore, the Court denies

10  Simon's motion without prejudice.

11                             **III. ORDER**

12    Therefore, it is hereby **ORDERED** that Simon's motion for protective order (Dkt.

13  140) is **DENIED without prejudice**.  McKown's motion to compel and extend

14  discovery (Dkt. 156) is **GRANTED** as stated herein.   The parties shall meet and confer

15  and file a joint status report as requested herein.

16    Dated this 7th day of July, 2016.

17

18    _____

19    BENJAMIN H. SETTLE
     United States District Judge

20

21

22