1

2

3

4

5                                    UNITED STATES DISTRICT COURT
                                  WESTERN DISTRICT OF WASHINGTON
6                                           AT TACOMA

7
    BRENDAN MCKOWN,
8
                          Plaintiff,              CASE NO. C08-5754BHS
9
            v.                                    ORDER DENYING
                                                  DEFENDANTS' MOTIONS FOR
10  SIMON PROPERTY GROUP and IPC                  SUMMARY JUDGMENT
    INTERNATIONAL CORPORATION,                    WITHOUT PREJUDICE
11
                          Defendants.
12

13

14          This matter comes before the Court on Defendants Simon Property Group, Inc.

15  ("Simon") and IPC International Corporation's ("IPC") (collectively "Defendants")

16  motions for summary judgment (Dkts. 139, 163). The Court has considered the pleadings

17  filed in support of and in opposition to the motions and the remainder of the file and

    hereby denies the motions without prejudice for the reasons stated herein.
18
                                    **I. PROCEDURAL HISTORY**
19
            On November 12, 2008, Plaintiff Brendan McKown ("McKown") filed a
20
    complaint against Defendants in Pierce County Superior Court for the State of
21
    Washington.  Dkt. 2.  McKown asserts causes of action against Defendants for premises
22

ORDER - 1

liability, negligent failure to provide adequate security, negligent performance of duty, negligent hiring and/or failure to provide security personnel, and breach of contract. *Id*. On December 17, 2008, Defendants removed the matter to this Court.  Dkt. 1.

After the entry of summary judgment, an appeal, and the Washington Supreme Court answering certified questions, the Ninth Circuit remanded the matter for further proceedings.  *See McKown v. Simon Prop. Grp., Inc.*, 182 Wn.2d 752 (2015); Dkt. 114.

On May 5, 2016, Simon filed a motion for summary judgment.  Dkt.139.  On June 15, 2016, IPC filed a motion for summary judgment.  Dkt. 163.  On July 7, 2016, the Court granted McKown's motion to compel and extended discovery.  Dkt. 172.

## II. DISCUSSION

If facts are unavailable to the nonmovant, the Court may deny a motion for summary judgment.  Fed. R. Civ. P. 56(d)(1).

In this case, Defendants' motions are based on McKown's failure to produce sufficient evidence.  Under the Court's interpretation of *McKown*, the Court granted McKown's motion to compel the production of potentially relevant evidence.  Dkt. 172 ("the scope of relevant evidence has been broadened to include evidence of Simon's past experience, the place of the business, and the character of the business.").  As such, the Court concludes that facts are unavailable to McKown to justify an opposition on the issue of duty.  Therefore, the Court denies Defendants' motions without prejudice.  At the appropriate time, Defendants may either renote their motions or file new motions.

**III. ORDER**

Therefore, it is hereby **ORDERED** that Defendants' motions for summary judgment (Dkts. 139, 163) are **DENIED without prejudice**.

Dated this 2nd day of September, 2016.


BENJAMIN H. SETTLE
United States District Judge